**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 10, 2007**

**TENTH CIRCUIT**

ANTHONY DEMBRY,

     Petitioner-Appellant,

v.

JAMES ABBOTT, Warden; JOHN
SUTHERS, The Attorney General of
the State of Colorado,

     Respondents-Appellees.

No. 06-1287
(D.C. No. 05-CV-1071-ZLW-CBS)
(D. Colorado)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Anthony Dembry, a state prisoner appearing *pro se*,[1] seeks a certificate of

appealability (COA) to challenge the district court's denial of his application for a

writ of habeas corpus under 28 U.S.C. § 2254.  Exercising jurisdiction under 28

U.S.C. § 2253(c)(1), we see no basis for appeal and deny a COA.

Mr. Dembry was convicted in Colorado state court of reckless

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]We liberally construe Mr. Dembry's *pro se* application.  *See Cummings v.
Evans,* 161 F.3d 610, 613 (10th Cir. 1998).

endangerment, sexual assault on a child, and sexual assault on a child by one in a position of trust. The court imposed sentences of varying lengths to run concurrently, the greatest of which was 20 years to life imprisonment. The Colorado Court of Appeals affirmed Mr. Dembry's conviction and the state supreme court denied his petition for a writ of certiorari.

In his § 2254 habeas petition, Mr. Dembry raised six claims which we group as follows: (1) he was denied his right to present a defense when the trial court denied his motion to pierce the rape shield statute, and when it held that testimony from his suppression hearing could be used to impeach any trial testimony regarding his good character; (2) he was denied his right to a fair trial when the court refused to sever his attempted manslaughter count from the sexual assault counts, acted in a manner overtly partial to the victim, and denied his challenge to a juror for cause; and (3) his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). A magistrate judge reviewed Mr. Dembry's claims and, on May 15, 2006, recommended that the district court deny his application. Mr. Dembry submitted objections to the magistrate judge's recommendation in a response signed May 27. However, his objections were filed with the court on June 9. The district court determined that the response was "untimely as it was not filed within ten days of the May 15, 2006, Recommendation." Rec., vol. I, doc. 39 at 1. Considering the recommendation on its merits nonetheless, the court found it was

-2-

"fully supported by the record and the applicable law." *Id.* at 2. The court accepted and adopted the recommendation and denied Mr. Dembry's application for habeas relief. *Id.*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state habeas petitioner "has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Before he may appeal, he first must obtain a COA. Otherwise, we have no jurisdiction over the appeal. *See id*. at 336. A COA will issue only if petitioner makes "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To do so, petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 484 (citations and quotation marks omitted).

In determining whether the petitioner has made the required showing, we review the claims presented in his § 2254 petition and generally assess their merit. *See Miller-El*, 537 U.S. at 336. In doing so, we "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Id*. Where petitioner's federal habeas claims were adjudicated on the merits in state court, we will grant an application for a COA "only where the state court decision was

'contrary to, or involved an unreasonable application of , clearly established Federal law, as determined by the Supreme Court . . .' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." *Dockins v. Hines*, 374 F.3d 935, 937 (10th Cir. 2004).

First, we examine whether Mr. Dembry's objections to the magistrate's recommendations were timely. *See Vega v. Suthers*, 195 F.3d 573, 579 (10th Cir. 1999) ("[A] litigant's failure to file timely objections to a magistrate's [recommendation] waives appellate review of both factual and legal determinations."). The magistrate judge, in his May 15th recommendation, advised Mr. Dembry that he had "ten days after service of a copy of the Recommendation" to file any written objections. Rec., vol. I, doc. 36 at 26-27. *See also* 28 U.S.C. § 636(b)(1); *Vega v. Suther*s, 195 F.3d at 579. Mr. Dembry mailed his objection to the recommendation on May 27, 2006, s*ee* Rec., vol. I, doc. 38 at 2, but it was not filed with court until June 9, 2006. *Id.* The district court concluded Mr. Dembry objections were not filed within the 10 day period.

We evaluate the timeliness of Mr. Dembry's objection according to the date the document was signed and mailed, May 27th, and not the date it was filed. *See Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam); *Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000). Furthermore, we apply Federal Rules of Civil Procedure 5, 6, and 72 when evaluating the timeliness of a party's

objection to a magistrate judge's recommendation. *See Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999). Where the provided period of time for submission is less than eleven days, as it is here, "intermediate Saturdays, Sunday, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). In addition, where service is made by mail, "[three] days are added after the prescribed period would otherwise expire." *Id*. at 6(e). Mr. Dembry mailed his objections twelve days after the magistrate issued his recommendation. The intervening period included one Saturday and one Sunday. Excluding these two weekend days and considering the additional three day extension, Mr. Dembry's objections fell securely within the ten day limit. Thus, Mr. Dembry filed a timely objection and preserved his right to appeal to this court.

Although Mr. Dembry surpasses this timeliness hurdle, after reviewing the record, the magistrate judge's recommendation, and the law, we conclude the district court's application of AEDPA to petitioner's claims did not create a result that would be debatable amongst jurists of reason. We reject Mr. Dembry's application for a COA for substantially the same reasons set forth by the magistrate judge in his thorough report and recommendation.

Mr. Dembry seeks leave to proceed *in forma pauperis*. Because Mr. Dembry has failed to demonstrate the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997), we deny

his request to proceed *ifp*.

Accordingly, we **DENY** Mr. Dembry's request for a COA, **DENY** his motion to proceed *ifp*, and **DISMISS** the appeal.

ENTERED FOR THE COURT,

Stephanie K. Seymour
Circuit Judge